UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 1:22-cv-20467-XXXX

MANUEL PEREZ, individually and on behalf
of all others similarly situated,

        Plaintiff(s),

vs.

ROBBINS PROPERTY ASSOCIATES LLC,

        Defendant.
_____/

**DEFENDANT, ROBBINS PROPERTY ASSOCIATES LLC'S, NOTICE OF REMOVAL**

*COMES NOW* the Defendant, ROBBINS PROPERTY ASSOCIATES LLC (hereafter "the Defendant"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby files this Notice of Removal of the above-captioned matter from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. As grounds therefore, the Defendant shows the Court as follows:

**1. State Court Action**

Plaintiff initiated an action that is still pending in the Circuit Court of the Eleventh Judicial Circuit for Miami County, Florida, styled *MANUEL PEREZ, individually and on behalf of all others similarly situated, v. ROBBINS PROPERTY ASSOCIATES LLC*, and designated as Case No. 2022-001844-CA-01. Plaintiff's Class Action Complaint was filed on January 31, 2022, naming ROBBINS PROPERTY ASSOCIATES LLC, as Defendant. See Pltf.'s Compl., attached as **Exhibit "A."**

**2. Defendant's Receipt of Complaint**

A copy of the Plaintiff's Complaint in this action was received by Defendant, ROBBINS PROPERTY ASSOCIATES LLC, on February 7, 2022. See **Exhibit "B"**.

Case No.:

**3. Nature of Action**

Plaintiff's causes of action arise under the 47 U.S.C. § 227 et seq. ("Telephone Consumer Protection Act A/K/A TCPA"), and Fla. Stat. § 501.059 ("Florida Telephone Solicitation Act A/K/A FTSA"), as amended by Senate Bill No. 1120[1] whereby Plaintiff alleges that Defendant's issuance of telephonic sales calls have violated Plaintiff and the class members' statutory rights. See **Exhibit "A."** More specifically, the Plaintiff claims that the Defendant made "unsolicited telephonic sales calls" to Plaintiff, and potentially the class members, because Plaintiff never provided Defendant with express written consent authorizing Defendant to transmit telephonic sales calls to Plaintiff's cellular telephone number through the use of an automated system." See Id. at ¶20. Furthermore, Plaintiff alleges that the Defendant, in sending these allegedly "unsolicited telephonic sales calls", did not disclose the legal name of the entity on whose behalf the call was being made. Id. at ¶16.

**4. Removal of State Court Action**

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Specifically, this action is removable under 28 U.S.C. §§ 1331, 1367(a), and 1441 because the district court would have original jurisdiction over Plaintiff's claim(s) brought under the TCPA, and supplemental jurisdiction over Plaintiff's state law claim(s).

**5. Federal Question and Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

---

[1] The amendment to the FTSA became effective on July 1, 2021.

Case No.:

district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." Federal courts lack jurisdiction in a particular case until the parties demonstrate that jurisdiction over the subject matter exists and therefore facts showing the existence of jurisdiction must be affirmatively alleged. See United States v. Rojas, 429 F. 3d. 1317,1320 (11th Cir. 2005); see also Taylor v. Appleton, 30 F. 3d. 1365, 1367 (11th Cir. 1994). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1367(a) gives the district court supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Borges v. City of W. Palm Beach, 858 F. Supp. 174, 177 (S.D. Fla. 1993). There is a strong presumption in favor of supplemental jurisdiction under § 1367 because it grants jurisdiction in mandatory terms and sets forth specific and enumerated standards under which courts may decline jurisdiction. Id. at 179 n.5.

Here, the District Court would have original jurisdiction of Plaintiff's federal claims brought under the TCPA because such claims are predicated upon a federal question. Resultingly, the district court "**shall**" have supplemental jurisdiction over Plaintiff's claims under the FTSA because Plaintiff's federal and state law claims are so related that they form part of the same case or controversy under Article III. Plaintiff's complaint reasserts its general allegations in support of all its counts brought under both the TCPA and the FTSA, the factual underpinning of both claims is the same, and they arise out of the same transaction(s) and occurrence(s). Moreover, there exist no applicable exceptions under § 1367(c) that would permit a district court to decline the exercise of supplemental jurisdiction here.

As such, Defendant contends that all requirements for the exercise of this Court's federal question and supplemental jurisdiction have been met thereby permitting removal of this action to

Case No.:

the United States District Court in and for the Southern District of Florida pursuant to 28 U.S.C. §§ 1331, 1367, and 1441.

**6. Venue**

The Miami-Dade County Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court case was brought and is pending and is, thus, the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 89(c), 1441(a) & 1446(a).  Moreover, the Miami-Dade County Division is the proper division within the Southern District of Florida to which the case should be removed since the Defendant is engaged in continuous and systematic business in Miami-Dade County, Florida. See 28 U.S.C. §§ 1441(a), (e) & 1446(a).

**7. Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because thirty (30) days has not elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Specifically, the Summons and Complaint was sent to Defendant's counsel on February 15, 2022, less than thirty (30) days ago.  Further, Defendant filed its initial notice of removal on February 15, 2022, thereby making this removal timely.

**8. State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this notice the Defendant is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action, including the Complaint.  See **Exhibit "A".**

**9. Notice to State Court and Plaintiff(s)**

Simultaneously with filing this Notice of Removal, the Defendant shall give written notice to all adverse parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit

Case No.:

Court of the Eleventh Judicial Circuit for Miami-Dade County, Florida.  See **Exhibit "C."**

## CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that on this February 15, 2022, I electronically filed the foregoing *Notice of Removal* with the Clerk of Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

**GOVERNMENT LAW GROUP, PLLC**
*Counsel for Defendant*
Museum Plaza Building
200 S Andrews Avenue, Suite 601
Fort Lauderdale, Florida 33301
Telephone (954) 909-0580
Primary e-mail: akipnis@govlawgroup.com
Secondary e-mail: jisrow@govlawgroup.com
Alternate e-mail:  ppoliakoff@govlawgroup.com

 s/ Payton H. Poliakoff
ALAN G. KIPNIS
Florida Bar No.:  181788
PAYTON H. POLIAKOFF
Florida Bar No.:  1025078

## SERVICE LIST

Andrew J. Shamis, Esq.
*Counsel for Plaintiff(s)*
Shamis & Gentile P.A.
14 NE 1st Ave., Suite 705
Miami, Florida 33132
ashamis@shamisgentile.com

Garrett O. Berg, Esq.
*Counsel for Plaintiff(s)*
Shamis & Gentile P.A.

Case No.:

14 NE 1st Ave., Suite 705
Miami, Florida 33132
gberg@shamisgentile.com

Scott Edelsberg, Esq.
*Counsel for Plaintiff(s)*
Edelsberg Law P.A.
20900 NE 30th Ave., Suite 417
Aventura, Florida 33180
scott@edelsberglaw.com
*(via E-service)*